Daniel A. Sasse (CSB No. 236234)
  dsasse@crowell.com
Angela J. Yu (CSB No. 263212)
  ayu@crowell.com
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
Telephone: 949.263.8400
Facsimile:  949.263.8414

Christopher E. Ondeck (Admitted *pro hac vice*)
  condeck@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004-2595
Telephone: 202.624.2500
Facsimile:  202.628.5116

Attorneys for Defendant and Counterclaim Plaintiff Nexans Inc.

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Armored Shield Technologies, Inc., <br><br>                Plaintiff, <br><br>     v. <br><br> Nexans Inc., et al., <br><br>                Defendants. | Case No. 8:12-cv-02177-BRO-JEM <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL** <br><br> Hon. Judge Beverly Reid O'Connell <br> Hon. John E. McDermott, Magistrate Judge |
| Nexans Inc., <br><br>                Counterclaim Plaintiff, <br><br>     v. <br><br> Armored Shield Technologies, Inc., <br><br>                Counterclaim Defendant. | |

To expedite discovery, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, the parties to the above-entitled action, by and through their respective counsel of record, hereby STIPULATE AND AGREE to entry of this ORDER governing discovery material pursuant to Federal Rule of Civil Procedure 26(c).

**1.   PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties also acknowledge, as set forth in Paragraph 13.3 below, that this Order creates no entitlement to file confidential information under seal; Local Civil Rule 79-5 and the instructions referenced in the Court's July 9, 2013 docket entry [Doc. No. 33] set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.   DEFINITIONS**

2.1   "CONFIDENTIAL" Information or Items:  information – regardless of how generated, maintained, or stored – or tangible things that qualify for protection under the standards developed under Federal Rule of Civil Procedure 26(c).

2.2   Counsel (without qualifier):  Outside Counsel and In-House Counsel, as well as their support staff.

2.3   Designating Party:  a Producing Party that designates information or items that it produces or discloses in disclosures, discovery responses, or deposition

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER GOVERNING DISCOVERY MATERIAL;
CASE NO. 8:12-CV-02177-BRO-JEM

1 testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —
2 ATTORNEYS' EYES ONLY."

3     2.4    <u>Disclosure or Discovery Material</u>:  all items or information –
4 regardless of the medium or manner generated, maintained, or stored – including,
5 among other things, documents, testimony, transcripts, or tangible things, that are
6 produced or generated in disclosures or responses to discovery in this matter.

7     2.5    <u>Expert</u>:  a person with specialized knowledge or experience in a matter
8 pertinent to the litigation, who has been retained by a Party or its Counsel to serve
9 as an expert witness or as a consultant in this action, provided that such person shall
10 not ordinarily act as an agent of any Party, such as an employee, officer, director,
11 equity holder, or consultant other than a consultant specially engaged in connection
12 with litigation.  This definition of "Expert" includes a professional jury or trial
13 consultant retained in connection with this action.

14     2.6    <u>"HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"</u>
15 <u>Information or Items</u>:  sensitive "CONFIDENTIAL" Information or Items, the
16 disclosure of which to another Party or Non-Party would create a substantial risk of
17 serious harm to the Producing Party that could not be avoided by less restrictive
18 means.  By way of example and not limitation, the Parties anticipate that both they
19 and Non-Parties will need to protect sensitive proprietary and financial information
20 as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

21     2.7    <u>In-House Counsel</u>:  attorneys who are employees of a Party.

22     2.8    <u>Non-Party</u>:  any natural person or association, corporation, partnership,
23 or other legal entity not named as a Party to this action.

24     2.9    <u>Outside Counsel</u>:  attorneys who are not employees of a Party, but who
25 are retained to represent and/or advise a Party in this action.

26     2.10    <u>Party</u>:  any party to this action, including all of its officers, directors,
27 and employees.

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER GOVERNING DISCOVERY MATERIAL;
CASE NO. 8:12-CV-02177-BRO-JEM

1        2.11   <u>Producing Party</u>:  a Party or Non-Party that provides Disclosure or
2   Discovery Material in this action.

3        2.12   <u>Professional Vendors</u>:  persons or entities that provide litigation
4   support services (for example, photocopying; videotaping; translating; preparing
5   exhibits or demonstrations; organizing, storing, and retrieving data in any form or
6   medium; etc.) and their employees and subcontractors.

7        2.13   <u>Protected Material</u>:  any Disclosure or Discovery Material that is
8   designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —
9   ATTORNEYS' EYES ONLY."

10       2.14   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery
11  Material from a Producing Party.

12  **3.   SCOPE**

13  The protections conferred by this Order cover not only Protected Material,
14  but also any information copied or extracted from Protected Material; all copies,
15  excerpts, summaries, or compilations of Protected Material; and testimony,
16  conversations, or presentations by the Parties or Counsel that might reveal
17  Protected Material.  The protections conferred by this Order do not cover any
18  information that is in the public domain at the time of disclosure to a Receiving
19  Party or that becomes part of the public domain after disclosure to a Receiving
20  Party as a result of publication not involving a violation of this Order, including
21  becoming part of the public record through trial or otherwise; and any information
22  known to the Receiving Party prior to disclosure or obtained by the Receiving Party
23  after disclosure from a source who obtained the information lawfully and under no
24  obligation of confidentiality to the Designating Party.  Any use of Protected
25  Material at trial shall be governed by a separate agreement or order.

26  **4.   DURATION**

27  Even after final disposition of this action, the confidentiality obligations
28  imposed by this Order shall remain in effect until a Designating Party agrees

otherwise in writing or a court order otherwise directs.  This Court shall retain jurisdiction over the Parties and such persons for enforcement of this Order's provisions.

## 5. DESIGNATING PROTECTED MATERIAL

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Producing Party must take care to limit any designations under this Order to specific material that qualifies under the appropriate standards, and certifies that the information constitutes or contains a trade secret or other confidential research, development, proprietary, commercial, financial, or personal information not generally known to members of the public, including, but not limited to, product or service information; business, marketing, or sales plans, strategies, and analyses; pricing information or plans; client information, including the identity of customers, contracts, customer communications, pricing agreements, and terms of any potential or actual loan; business policies and practices; the identity of employees or contractors; individual employment records; current and projected financial reports, statements, and analyses; revenue, cost, and profit information; balance sheets and other financial information; organizational or company structural information; or information that could, if disclosed, result in competitive harm to the Designating Party.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

1     (a)     for information in documentary form, excluding transcripts of depositions or other pretrial or trial proceedings, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" to each page that contains Protected Material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents or portions thereof qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Protected Material.

    (b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identifies all protected testimony and specifies the level of protection asserted at any time up to twenty-one (21) days after receipt of the original or a certified copy of a transcript of proceedings. Only those portions of the testimony that are appropriately designated for protection within those twenty-one (21) days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify at the deposition, hearing, or other proceeding or up to twenty-one (21) days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," provided such designation does not substantially violate Paragraph 5.1 above.

    (c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored

the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

5.3 <u>Inadvertent Failures to Designate</u>. If corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

Such designation shall be accomplished by providing written notice to all Parties, identifying by Bates number or other individually identifiable information the material whose designation is corrected. Promptly after providing such notice, the Designating Party shall provide copies of the material reflecting the change in designation, to the Receiving Party. The Receiving Party shall replace the incorrectly designated material with the newly designated material and shall destroy the incorrectly designated material.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with Counsel for the Designating Party. In conferring, each Party must explain the basis for its respective position on the propriety of the challenged confidentiality designation.

6.3     Judicial Intervention.  If the Parties are not able to resolve a dispute about a confidentiality designation, a Party that elects to challenge the confidentiality designation may bring a motion pursuant to Local Civil Rule 37. Until the Court rules on the motion, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.  In the event that the Court rules that the material in question is not confidential, the Designating Party shall provide copies of the material with designations removed within twenty-one (21) days of such ruling.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this action only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When this action has been terminated, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom disclosure is reasonably necessary for this litigation;

(b)     the Receiving Party's officers, directors, and employees, including In-House Counsel, to whom disclosure is reasonably necessary for this litigation and who have signed the Agreement to Be Bound by Protective Order, attached hereto as Exhibit A;

(c) the Receiving Party's Experts to whom disclosure is reasonably necessary for this litigation and who have signed the Agreement to Be Bound by Protective Order;

(d) the Court and its personnel;

(e) Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Agreement to Be Bound by Protective Order;

(f) an author, addressee, or intended recipient of the document or the original source of the information; and

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound by Protective Order.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" and separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom disclosure is reasonably necessary for this litigation;

(b) the Receiving Party's Experts to whom disclosure is reasonably necessary for this litigation and who have signed the Agreement to Be Bound by Protective Order;

(c) the Court and its personnel;

(d) Professional Vendors to whom disclosure is reasonably necessary for

this litigation and who have signed the Agreement to Be Bound by Protective Order;

(e) an author, addressee, or intended recipient of the document or the original source of the information; and

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound by Protective Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" and separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

7.4 <u>Retention of Exhibit A</u>. Outside Counsel for the Party that obtains the signed Agreements to Be Bound by Protective Order, as required above, shall retain them for one year following the final termination of this action, including any appeals, and shall make them available to other Parties upon good cause shown.

7.5 <u>Retention of Protected Material</u>. Persons who have been shown Protected Material pursuant to Paragraphs 7.2(e) or (g) or Paragraphs 7.3(d) or (f) shall not retain copies of such Protected Material.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or court order issued in other litigation or proceedings that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Receiving Party must:

(a) notify in writing, as soon as reasonably practicable, the Designating Party. Such notification shall include a copy of the subpoena or court order; and

(b) notify in writing, as soon as reasonably practicable, the party who caused the subpoena or court order to issue in the other litigation or proceedings

1  that some or all of the material covered by the subpoena or court order is subject to
2  this Order. Such notification shall include a copy of this Order.

3      The purpose of imposing these duties is to alert the interested parties to the
4  existence of this Order and to afford the Designating Party in this case an
5  opportunity to try to protect its confidentiality interests in the court from which the
6  subpoena or order issued.

7      If the Designating Party timely seeks a protective order, the Party served with
8  the subpoena or court order shall not produce any information designated in this
9  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS'
10 EYES ONLY" before a determination by the court from which the subpoena or
11 order issued, unless the Party has obtained the Designating Party's permission. The
12 Designating Party shall bear the burden and expense of seeking protection in that
13 court of its confidential material. Nothing in these provisions should be construed
14 as authorizing or encouraging a Receiving Party in this action to disobey a lawful
15 directive from another court.

16 **9.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**
17     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
18 Protected Material to any person or in any circumstance not authorized under this
19 Order, the Receiving Party must immediately notify in writing the Designating
20 Party of the unauthorized disclosures; use its best efforts to retrieve all copies of the
21 Protected Material; inform the person or persons to whom unauthorized disclosures
22 were made of all of the terms of this Order; and request such person or persons to
23 execute the Agreement to Be Bound by Protective Order.

24 **10. INADVERTENTLY PRODUCED MATERIALS**
25     If a Party at any time notifies any other Party that it inadvertently produced
26 documents, testimony, information, and/or things that are protected from disclosure
27 under the attorney-client privilege, work product doctrine, and/or any other
28 applicable privilege or protection from disclosure, or the Receiving Party discovers

1  such inadvertent production, the inadvertent production shall not be deemed a
2  waiver of the applicable privilege or protection.  The Receiving Party shall
3  immediately return all copies of such documents, testimony, information, and/or
4  things to the Producing Party and shall not use such items for any purpose until
5  further order of the Court.  In all events, such return must occur within three (3)
6  business days of receipt of notice or discovery of the inadvertent production.  The
7  return of any item to the Producing Party shall not in any way preclude the
8  Receiving Party from moving the Court for a ruling that the document or thing was
9  never privileged or protected from disclosure.

10  **11.  ATTORNEY RENDERING ADVICE**
11  Nothing in this Order shall prevent or otherwise restrict Counsel from
12  rendering advice to their clients in connection with this action and, in the course
13  thereof, relying generally on examination of Protected Materials; provided,
14  however, that in rendering such advice and otherwise communicating with clients
15  regarding this action, Counsel shall not reveal or disclose the specific content
16  thereof if such disclosure is not otherwise permitted under this Order.

17  **12.  DISPOSITIVE MOTION HEARINGS AND TRIAL**
18  The terms of this Order shall govern in all circumstances except for
19  presentations of evidence and argument at hearings on dispositive motions and at
20  trial.  The parties shall meet and confer in advance of such proceedings and seek the
21  guidance of the Court as to appropriate procedures to govern such proceedings.

22  **13.  MISCELLANEOUS**
23  13.1  <u>Right to Further Relief</u>.  Nothing in this Order shall prevent any person
24  from seeking modification of this Order.
25  13.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this
26  Order, no Party waives any right it otherwise would have to object to disclosing or
27  producing any information or item on any ground not addressed in this Order.
28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-11-

STIPULATION AND [PROPOSED] PROTECTIVE
ORDER GOVERNING DISCOVERY MATERIAL;
CASE NO. 8:12-CV-02177-BRO-JEM

Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3     Filing Protected Material.  Without written permission from the Designating Party or an order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

## 14.    FINAL DISPOSITION

Unless otherwise ordered by the Court or agreed in writing by the Designating Party, within thirty (30) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this Section, "Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.  The Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party – and, if not the same person or entity, to the Designating Party – by the thirty (30)-day deadline that identifies – by category, where appropriate – all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 above.

1       IT IS SO STIPULATED.

2   Dated:    August 8, 2013       **CROWELL & MORING LLP**

3

4                                    By:  */s/ Daniel A. Sasse*

5                                        Daniel A. Sasse
6                                        Christopher E. Ondeck
                                       Angela J. Yu

7                                        Attorneys for Defendant and
8                                        Counterclaim Plaintiff
                                       Nexans Inc.

9

10   Dated:    August 8, 2013       **O'NEILL LLP**

11

12                                      By:  */s/ William E. Halle*

13                                      William E. Halle
14                                      Amy W. Larkin

15                                      Attorneys for Plaintiff and
                                     Counterclaim Defendant
16                                      Armored Shield Technologies, Inc.

17   Dated:    August 8, 2013       **P.K. SCHRIEFFER LLP**

18

19                                      By:  */s/ Paul K. Schrieffer*

20                                      Paul K. Schrieffer
21                                      James R. Carty

22                                      Attorneys for Defendant
23                                      Communications Cable & Connectivity
                                     Association, Inc.

24

25

26

27

28

1
2 [~~PROPOSED~~] ORDER
3   Good Cause Appearing, the Court approves and enters this Stipulation and
4 Protective Order Governing Discovery Material.  IT IS SO ORDERED.
5 DATED:   August 12, 2013
6                                             *John E. McDermott*
7                              UNITED STATES MAGISTRATE JUDGE
8
9
10
...
28

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury under the laws of the United States of America that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of Armored Shield Technologies, Inc. v. Nexans Inc., et al., Case No. 8:12-cv-02177-BRO-JEM.

I agree to comply with and to be bound by all of the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# FILER ATTESTATION

In accordance with Rule 5-4.3.4 of the Local Civil Rules of the United States District Court for the Central District of California, I, Daniel A. Sasse, hereby attest that each of the other signatories listed above, on whose behalf this Stipulation and [Proposed] Protective Order Governing Discovery Material is submitted, concurs in the content of this Stipulation and [Proposed] Protective Order Governing Discovery Material and has authorized the filing of this Stipulation and [Proposed] Protective Order Governing Discovery Material.

Dated: August 8, 2013          **CROWELL & MORING LLP**

By: */s/ Daniel A. Sasse*

Daniel A. Sasse

Attorneys for Defendant and Counterclaim Plaintiff
Nexans Inc.

# PROOF OF SERVICE

Pursuant to Rule 5-3 of the Local Civil Rules of the United States District Court for the Central District of California, I, Daniel A. Sasse, hereby certify under penalty of perjury under the laws of the United States of America that on August 8, 2013, a true copy of the above document was filed through the Court's Case Management/Electronic Case Filing ("CM/ECF") System and served by that System upon all counsel of record registered for the System and deemed to have consented to electronic service in the above-captioned case. Any other counsel of record will be served by electronic mail and/or first-class mail on the same date.

Dated:   August 8, 2013          **CROWELL & MORING LLP**

By:   */s/ Daniel A. Sasse*

Daniel A. Sasse

Attorneys for Defendant and
Counterclaim Plaintiff
Nexans Inc.